## G. E. WALTER CO. v. BRADLEY.

(Supreme Court, Appellate Term.  June 25, 1909.)

WITNESSES (§ 268*)—SCOPE AND EXTENT OF CROSS-EXAMINATION—BAR PENDING ACTION.

> Plaintiff sued defendant on a contract by which plaintiff made copies of certain models furnished it by defendant, and alleged that the work was performed and the models returned to defendant.  Defendant put in a general denial.  Plaintiff proved performance of the work and its discharge of its duty as bailee of the models.  *Held*, that cross-examination of the witness was not barred by pendency of another action against plaintiff for damages because of the careless and unskillful manner in which it performed its work, and injured the models intrusted to it.
>
> [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 268.*]

Appeal from City Court of New York, Trial Term.

Action by the G. E. Walter Company against Edson Bradley.  Judgment for plaintiff.  Defendant appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

P. Lewis Anderson (Edward A. Alexander, of counsel), for appellant.

Walter Carroll Low, for respondent.

MacLEAN, J.  In the amended complaint, verified February 27, 1908, were alleged the incorporation of the company and its continued existence as such; that it undertook, under agreement expressed in interchanged letters, dated July 2 and 3, 1906, respectively, to make replicæ from and of certain models furnished by and belonging to the defendant for $475; that it performed the work and returned the models.  Mr. Walter testified for his namesake company that it was in dissolution, and on his cross, without objection, that it was dissolved in April, 1908; that is, before issue was joined by the service of the answer verified June 19th.  Under the complaint, put in issue by a general denial in the answer, proof was requisite of plaintiff's proper performance in a workmanlike manner, at least substantial performance, of its undertaking and due discharge of its duty as bailee of the model.  Both were asserted by Walter; but searching of his assertions on cross-examination was cut off by the learned trial justice, who, upon the introduction of the pleadings of an action in the Supreme Court regarded as a bar the pendency of another action pending (1) for damages because of alleged breaches on the part of the Walter

Company in damaging the ceilings and parts of the panels intrusted to it, and (2) for damages because of the careless, unworkmanlike, and unskillful manner in which the plaintiff performed its work and destroyed or permanently injured the models intrusted to it, held that the only question remaining was the acceptance by the defendant of the work and material. This was reversible error, since, despite the other action pending, the defendant was entitled to probe the proof offered against him, and to disprove any fact necessary to be established by the plaintiff to authorize a recovery on his part.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event. All concur.